IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the May 2, 2009 "The Battle of East and West": Pacquiao/Hattotton Event, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:11-CV-02929-L** |
| **VICKY NELL THARPE**, Individually and d/b/a **TATUM'S** and **TATUM'S NIGHT CLUB**, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment, filed May 15, 2012. After consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

**I.     Background**

J&J Sports Productions, Inc., as Broadcast Licensee of the May 2, 2009 "The Battle of East and West": Pacquiao/Hattotton Event ("J&J Sports" or "Plaintiff") filed Plaintiff's Original Complaint (the "Complaint") in this court on October 28, 2011, seeking relief against Vicky Nell Tharpe, individually and d/b/a Tatum's and Tatum's Night Club ("Defendant"). In its Motion for Final Default Judgment, J&J Sports seeks default judgment against Defendant. This is an anti-piracy action under the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 (the "Act").

Defendant was properly served on January 13, 2012, and to date has not filed an answer to the Complaint or otherwise defended in this lawsuit. J&J Sports requested the clerk to issue entry of default on May 15, 2012, and default was entered by the clerk on May 16, 2012. J&J Sports now requests entry of default judgment against Defendant for statutory and additional damages and a permanent injunction. J&J Sports further requests reasonable attorney's fees and costs.

## II.   Analysis

The court finds that because Defendant has neither filed an answer to Plaintiff's Original Complaint nor otherwise defended in this lawsuit, and because Defendant is not an infant, incompetent or in the military, J&J Sports is entitled to judgment against Defendant. Pl.'s Req. for Entry of Default, Exh. A and A-1 (Doc. 12); 50 U.S.C. App. §§ 501-527. The court, therefore, accepts as true the well-pleaded allegations stated by J&J Sports in its Complaint and the facts set forth in the evidence in support of Plaintiff's Motion for Final Default Judgment.

### A.   Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). In Plaintiff's Motion for Final Default Judgment, J&J Sports asks the court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II). The amount

of statutory damages requested by J&J Sports falls within the amount allowed by statute, and the court finds the amount of $10,000 in statutory damages reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing J&J Sports to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(ii). To deter pirating of cable and satellite broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See Kingvision Pay-Per-View, Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001) (discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 U.S. Dist. LEXIS 4874, at *6, 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the amount of five times the initial statutory damages award). The multiplier of five times in this case is reasonable, considering that the event was exhibited on five televisions in an establishment with a capacity of approximately 150 persons and the importance of deterring future violations. The court determines that such damages are ascertainable from the Complaint and the record and awards J&J Sports $50,000 as additional damages. Accordingly, J&J Sports is entitled to a total amount of **$60,000** in damages.

**Memorandum Opinion and Order – Page 3**

### B.  Permanent Injunction

J&J Sports further requests that the court permanently enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Act. The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i). After a careful review of the evidence and authority, the court determines that permanent injunctive relief is appropriate. Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### C.  Costs and Attorney's Fees

J&J Sports requests attorney's fees from Defendant in the amount of one-third of recovery, or alternatively the hourly time (for prosecution of this case through default judgment) presented in the Affidavit of Andrew R. Korn in the amount of $750. Aff. of Andrew R. Korn 4-5, ¶ 8. The court determines that an hourly rate is the method that should be used for awarding attorney's fees and therefore must determine whether the requested amount is reasonable. The record reflects that J&J Sports's counsel, Andrew R. Korn, has been licensed by the State of Texas since 1989. His practice primarily consists of handling cases involving commercial and civil litigation. His hourly rate is $250 per hour. The court finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of J&J Sports's counsel for the services performed in cases of this nature. Accordingly, the court finds that the hourly rate of $250 per hour is reasonable.

Although J&J Sports's counsel produced no time records setting forth the number of hours expended, he estimates that his counsel has spent a minimum of three hours on this case through the preparation of Plaintiff's Motion for Final Default Judgment.  The court finds that J&J Sports's counsel reasonably expended at a minimum three hours to obtain default judgment.  The Act requires that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).  Accordingly, the court determines that J&J Sports is entitled to an award of attorney's fees in the amount of **$750.**

### III.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment. Accordingly, the court hereby **orders** that default judgment be entered for J&J Sports in the amount of **$60,000**, plus postjudgment interest thereon at the applicable federal rate of .21%.  J&J Sports requested no prejudgment interest, and the court awarded none.  The court **permanently enjoins** Defendant, Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant from intercepting or exhibiting an unauthorized program in violation of the Act.  The court also **awards** J&J Sports reasonable attorney's fees in the amount of **$750** and taxes all allowable and reasonable costs against Defendant.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 31st day of May, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge